UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDSEY GRAVES,

    Plaintiff,

v.                                     Case No.:  2:23-cv-373-SPC-KCD

GREAT LAKES INSURANCE SE,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Great Lakes Insurance SE's Motion to Dismiss (Doc. 19), along with Plaintiff Lindsey Graves' opposition (Doc. 20). For the below reasons, the Court denies the motion.

This is an insurance dispute.[1] Defendant issued an insurance policy to Plaintiff covering her home. The policy states that it does not cover losses from flood. When Hurricane Ian damaged Plaintiff's home, Defendant issued an undisputed $30,632.67 payment to Plaintiff. (Doc. 19-2). On January 30, 2023, Plaintiff filed a Property Insurance Notice of Intent to Initiate Litigation ("NOI") and demand of $590,901. (Doc. 19-3). Defendant responded to Plaintiff's NOI and required her to participate in mediation April 14, 2023.

---

[1] As it must, the Court treats the factual allegations in the Complaint (Doc. 4) as true and construes them in the light most favorable to Graves. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

(Doc. 19-4). The parties mediated but reached no settlement. (Doc. 19-5). Defendant asked whether its engineer could inspect Plaintiff's home to help determine whether the damage was caused by wind or flood. Plaintiff agreed, and Defendant's engineer reinspected her home. (Doc. 20). But the next day, Plaintiff sued Defendant in state court, asserting a breach of contract claim and requesting declaratory relief. (Doc. 20).

Defendant removed the suit and then moved to dismiss under Rules 12(b)(6), 12(d), and 56, arguing that Plaintiff's lawsuit is premature because it was filed before mediation concluded. In support, Defendant cites Florida Statute § 627.70152. It says, "[i]f an insurer is responding to a notice provided to the insurer alleging an act or omission by the insurer other than a denial of coverage, the insurer must respond by making a settlement offer or requiring the claimant to participate in appraisal or another method of alternative dispute resolution." § 627.70152(4)(b). If the alternative dispute resolution "has not been concluded within 90 days after the expiration of the 10-day notice of intent," the insured may immediately file suit. § 627.70152(3), (4)(b). And "[a] court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this action or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable." § 627.70152(5).

Defendant claims that during the mediation, the parties agreed to continue the proceeding to allow for the requested inspection of Plaintiff's home. So, according to Defendant, mediation did not conclude prior to suit and the Court must dismiss Count I as premature under Florida Statute § 627.70152(5).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir. 2009.). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Plaintiff alleges that she met all conditions precedent. (Doc. 4 ¶ 12). That general allegation is enough. *See Honick v. Act Ins. Co. of the Midwest*, No. 2:21-cv-637-SPC-NPM, 2021 WL 4804446, at *1-2, (M.D. Fla. Oct. 14, 2021) (citing *EEOC v. Klingler Elec. Corp.,* 636 F.2d 104, 106-07 (5th Cir. 1981) ("A general averment that all conditions precedent to the institution of this lawsuit have been fulfilled is quite adequate for pleading purposes.")). And for purposes of Rule 12(b)(6), the Court must accept it as true.

Defendant also moves under Rules 12(d) and 56. It requests the Court to treat its motion as one for summary judgment and consider facts outside the four corners of the complaint. Under this standard, Defendant must show that

there is no genuine dispute of material fact as to whether mediation had "concluded" prior to this action and thus Plaintiff did not meet all conditions precedent to suit. In support, Defendant provides an attorney affidavit stating that the parties agreed to continue the mediation to July 28, 2023. (Doc. 19-7 ¶ 11).

But Plaintiff provides a competing affidavit. (Doc. 20-1). It states the parties reached an "impasse" and agreed to participate in a "second mediation." (*Id.* at ¶ 5,6). It then says that Plaintiff informed the mediator that she would be suing the day after re-inspection. (Doc. 20-1 ¶ 6). And Plaintiff kept her word. So whether the mediation had "concluded" is at best in genuine dispute. The Court thus must reject Plaintiff's summary-judgment argument at this juncture.

Finally, Defendant argues the Court should dismiss Count II (Declaratory Relief) because it is duplicative of Count I. (Doc. 19). Not quite. The Court has consistently rejected this argument for three reasons. First, a court's decision whether to hear a declaratory judgment claim is discretionary. Second, a motion to dismiss tests the plausibility of a claim not its redundancy. And third, the federal Declaratory Judgment Act and Rule 57 allow a party to seek a declaratory judgment even if there is another adequate remedy. *See Barry v. QBE Specialty Ins. Co.,* No. 2:23-cv-296-SPC-NPM, 2023 WL 3975994, at *2 (M.D. Fla. June 13, 2023) (citing, *e.g., 500 La Peninsula Condo. Ass'n, Inc. v.*

4

*Landmark Am. Ins. Co.,* No. 2:20-cv-767-FtM-38NPM, 2020 WL 6273699, at *1 (M.D. Fla. Oct. 26, 2020)); *Tiro Beachwear Inc. v. Foremost Ins. Co.,* No. 6:20-cv-425-ORL-22-DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020). Moreover, defending both claims will not burden Defendant because, if the declaratory judgment claim duplicates the breach of contract claim, there will be no additional discovery to conduct. The Court thus rejects Defendant's duplicity argument.

Accordingly, it is

**ORDERED:**

Defendant Great Lakes Insurance SE's Motion to Dismiss (Doc. 19) is **DENIED**. Defendant has until on or before **December 1, 2023,** to answer the Complaint.

**DONE and ORDERED** in Fort Myers, Florida on November 17, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All parties of record