UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDSEY GRAVES,

    Plaintiff,

v().    Case No.: 2:23-cv-373-SPC-KCD

GREAT LAKES INSURANCE SE,

    Defendant.
                              /

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Dismiss the Second-Amended Counterclaim (Doc. 62) and Defendant's Response (Doc. 66). For the below reasons, the Court denies the motion.

This is an insurance case. Hurricane Ian damaged Plaintiff's home, so she submitted a wind claim to Defendant. When Defendant did not pay, Plaintiff sued for breach of contract. Defendant now brings counterclaims. According to Defendant, Plaintiff did not disclose a flood claim related to the same damage. Specifically, "Plaintiff intentionally concealed pertinent information regarding her flood claim and misrepresented the scope of damages attributed to the loss being reported under the Wind Claim and sought payment for repairs/replacement relating to damages from flooding as opposed to damages due to wind." (Doc. 60 ¶ 40). So, Defendant seeks

declaratory relief voiding the policy for fraud. (Doc. 60). Plaintiff moves to dismiss. (Doc. 62). She argues the counterclaims do not comply with Rule 9(b) because they are "littered with conclusory statements" alleging fraud with "no factual allegations to support these conclusions." (Doc. 62).

Plaintiff's arguments are meritless. Defendant's counterclaims allege in detail the who, what, when, where, and why regarding the alleged fraud. Defendant gives a detailed timeline regarding the underlying insurance claim. Defendant alleges that on January 26, 2023, Plaintiff submitted an estimate to Defendant in connection with her wind claim that included damages attributable to flooding. Defendant also alleges that Plaintiff submitted estimates with duplicative charges. Defendant provides detailed factual allegations about these estimates and why they were allegedly fraudulent. (Doc. 60 ¶¶ 41-71). The Court need not recite all the allegations here.

Plaintiff's motion to dismiss—not Defendant's counterclaims—is conclusory and vague. Exactly what additional information Plaintiff believes Defendant should allege is unclear. The Court can discern two primary arguments from the motion, however.

First, Plaintiff argues the counterclaims are insufficient because they allege fraud perpetrated by third parties, not Plaintiff. It's true that the counterclaims reference acts by Plaintiff's public adjuster. But Plaintiff does not offer a single authority to establish that Plaintiff's use of a public adjuster

2

shields her from allegations of fraud. Common sense, and case law, seems to suggest otherwise. *See Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3547028, at *5 (S.D. Fla. June 30, 2020) ("Plaintiff's contention that the Concealment, Misrepresentation, or Fraud provision does not permit evidence of fraud or misrepresentations committed by its representatives to be considered is unsupported.").

Moreover, the counterclaims allege Plaintiff's role in the alleged fraud (not just her public adjuster's). Defendant alleges that the public adjuster was retained by Plaintiff and submitted estimates at Plaintiff's direction, with her knowledge, and for Plaintiff's benefit to inflate her claim. (Doc. 60 ¶ 53). Defendant alleges Plaintiff intentionally concealed facts relating to her separate flood claim. (Doc. 60 ¶ 60). Defendant also alleges that Plaintiff deliberately submitted the estimates that misrepresented the scope of damages and sought payment for damages relating to flooding and duplicative charges. (Doc. 60 ¶¶ 51, 65). So Plaintiff's first argument fails.

Second, Plaintiff argues that because Defendant denied her insurance claim "there was no gain realized" by Plaintiff's alleged fraud. This argument may work against an ordinary fraud claim. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (holding that Rule 9(b) requires, among other things, allegations of what was "gained by the alleged fraud"). But when an insurer invokes a policy's fraud provision—as here—the insurer

3

need not show that they relied on the fraud. *See Michigan Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915 (11th Cir. 1998) ("Moreover, the law of this Circuit is clear that this court will not require that an insurer demonstrate that it relied on the insured's misrepresentations when asserting a policy defense based on fraud[.]"); *see also Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 639400, at *7-8 (S.D. Fla. Feb. 11, 2020) (discussing the proper pleading standard when analyzing a claim under a Concealment, Misrepresentation, or Fraud provision in an insurance policy). So, Defendant's second argument fails too.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Dismiss Defendant's Second-Amended Counterclaim (Doc. 62) is **DENIED**.
2. On or before May 22, 2024, Plaintiff must answer Defendant's counterclaims.

**DONE** and **ORDERED** in Fort Myers, Florida on May 8, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record