UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDSEY GRAVES,

    Plaintiff,

v.                                         Case No.:  2:23-cv-373-SPC-KCD

GREAT LAKES INSURANCE SE,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant Great Lakes Insurance SE's Motion to Strike Expert Report and Exclude Opinions and Testimony of Justin Walls. (Doc. 69.)[1] Plaintiff Lindsey Graves has responded in opposition (Doc. 70), and Great Lakes replied (Doc. 73). Great Lakes' motion is now granted in part and denied in part.

## I. Background

Graves claims she submitted an insurance claim for hurricane damage that Great Lakes will not pay. To recover the funds reportedly owed, Graves sues for breach of contract. (Doc. 4.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

In support of her claim, Graves intends to offer an expert—Justin Walls. Graves' expert disclosure supplies the broad outlines of his expected testimony:

> Justin Walls of Ultra Contractors, LLC
> 4025 Edgewater Dr.
> Orlando, FL 32804
> justin@ultrapropertydamage.com
> Phone: (407) 929-6342
>
> Expert Mr. Walls is a licensed Certified General Contractor (License No.: W208757) with extensive experience in physical damage and cosmetic repairs. Mr. Wall's qualifications are set forth in detail in his resume produced contemporaneously with this disclosure. Mr. Walls is expected to provide expert testimony regarding the extent of damages to Plaintiff's home, including scope and expense for restoring the home to its pre-loss conditions consistent with his Rule 26(a)(2)(B) Report produced with this disclosure.

(Doc. 69-1.)

Along with the disclosure, Graves provided Great Lakes with two repair estimates from February 2024 via a Dropbox link. (Docs. 69-2, 69-3, 70-1.) The estimates are nearly identical itemized lists that identify the cost of materials and labor needed to repair the allegedly damaged property, with one estimate accounting for depreciation. (*Id.*) The estimates were reportedly prepared using a computer program called "Xactimate." Graves says the Dropbox link "contained Plaintiff's experts supporting documents that included the reports, documents the expert relied on to formulate their opinions, CVs, testimony/deposition history, rate agreements, etc." (Doc. 70 at 1.)

Great Lakes conferred with Graves about how the disclosure was deficient, and Graves provided what she calls a "supplement." (Doc. 70 at 4.) The "supplement" is a letter from Walls on Ultra Property Damage letterhead:

> To Whom It May Concern:
>
> The estimate of damages prepared on behalf of Lindsey Graves was based on the following:
>
> 1. Inspection performed with the insured where they indicated damages based on the storm related event.
> 2. The engineering report provided by Richard Cannyn with Beryl Project Engineering.
> 3. The photos provided by Kuhn Raslavich.
> 4. The Eagleview report from 02/19/2024.
> 5. The estimate generated by The Claim Squad Public Adjusters provided by Kuhn Raslavich.
>
> In addition to the inspection and documentation provided to me, my opinion was based on over 10 years of running reconstruction projects. I wrote this estimate as a time and material estimate instead of using specific line items as I feel they do not account for additional time such as installers travel time, performing a take-off, time to order/pick up materials and time for prep work.
>
> The price guide used was generated by Xactimate based on the time of the inspection.
>
> The depreciation is a blanket depreciation, based on the condition of the home during inspection I did not observe severely depreciated materials.
>
> For any further questions please contact me directly at the information provided below.
>
> Justin Walls
> Ultra Damage Consultants, LLC Vice President
> Cell:407-929-3571
> Email: justin@ultrapropertydamge.com
> 1111 Sherrington Rd.
> Orlando, FL 32804

(Doc. 70-4.)

Great Lakes now moves the Court to "enter an order precluding Mr. Walls' expert testimony and further striking Plaintiff's Rule 26 Disclosure as to Mr. Walls." (Doc. 69 at 10.) This relief is appropriate, according to Great

3

Lakes, because Graves has not properly disclosed Walls as an expert under Federal Rule of Civil Procedure 26(a)(2). Specifically, the letter is a belated attempt to provide an expert report, not a "supplement," and the disclosures (as a whole) are otherwise deficient under Rule 26. (Doc. 73.)

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure governs expert witness discovery. Fed. R. Civ. P. 26(a). It is designed to prevent litigation by surprise and ensure each party can "prepare their cases adequately." *Reese v. Herbert*, 527 F.3d 1253, 1265-66 (11th Cir. 2008). To meet this goal, Rule 26 requires litigants to disclose each expert witness they may call at trial. Fed. R. Civ. P. 26(a)(2)(A).

Rule 26 sets different disclosure requirements for retained and non-retained experts. The distinction between retained experts, whose disclosures are subject to Rule 26(a)(2)(B), and non-retained experts, whose disclosures are governed by Rule 26(a)(2)(C), turns on "when and why an expert witness was hired," rather than the subject of the expert's testimony. *Cedant v. United States*, 75 F.4th 1314, 1324 (11th Cir. 2023). A retained expert is a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Disclosures for retained experts must include, among other things, "a written report containing a complete statement of all opinions the witness will express and the basis and reasons for them[.]" *Dobbs v. Allstate Indem. Co.*, No. 21-13813, 2022 WL 1686910, at *2 (11th Cir. May 26, 2022). Non-retained experts, on the other hand, need not provide a written report. Instead, the disclosing party must summarize the subject matter of the expert's testimony, the opinions they will offer, and the facts on which their opinions are based. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

### III. Discussion

Neither party disputes that Walls is a retained expert. (Docs. 69, 70.) Graves hired him to inspect the property and create a damage report. (Doc. 70-4.) And both tasks were performed after this lawsuit was filed. (Docs. 1, 69-2, 69-3.) Walls is thus a retained expert hired to support Graves' theory of the case, not someone engaged to assess the cause and extent of an injury outside the litigation process.

**A. Graves' Disclosure Falls Short of Rule 26(a)(2)(B)**

As mentioned, a retained expert must provide a report. But what Graves has disclosed here is anything but. The initial repair estimates are categorically insufficient. And by Graves' own admission, she did not "initially [provide] a written report." (Doc. 70 at 5.) Although Graves later sent a

5

"supplemental" letter from Walls, that too falls short as discussed below. (*Id.* at 8.)

Rule 26 requires "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). This includes the disclosure of "any material considered by the expert, from whatever source, that contains factual ingredients." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1069 (10th Cir. 2023). "Expert reports can be stricken if they offer conclusory opinions and do not contain some discussion of [the expert's] reasoning and [the] thought process that lead to [the] ultimate opinions." *Glowner v. Muller-Martini Mailroom Sys., Inc.*, No. 8:09-CV-01768-EAK, 2012 WL 276193, at *2 (M.D. Fla. Jan. 31, 2012). Simply put, an expert report that does not explain "how" and "why" is insufficient under Rule 26. *Schenone v. Zimmer Holdings, Inc.*, No. 3:12-CV-1046-J-39MCR, 2014 WL 9879924, at *18 (M.D. Fla. July 30, 2014) (explaining that an expert report must "include the substance of the testimony which [they are] expected to give on direct examination together with the reasons therefor").

The repair estimates do not mention any of Walls' observations. They also fail to explain how Walls determined the scope of work to be performed or how he used Xactimate to generate the estimate. Nor does he provide any details about the claimed inspection. In short, the repair estimates do not include all of Walls' opinions or explain how he arrived at the figures reported.

6

Thus, the estimates do not satisfy Rule 26. *See, e.g., Cape Christian Fellowship, Inc.*, 2022 WL 971776, at *9 n.12.

As for the letter, it provides a list of documents Walls reviewed, a one-line reference to an inspection he performed, and a mention that his estimate was a "time and material" estimate with "blanket depreciation." (Doc. 70-4.) But missing from the letter are Walls' complete opinions. The letter does not provide the basis and reasons for any opinions, or any explanation about what specific facts and data (not just general references to reports, photos, and a prior estimate) he considered. The letter also does not explain what a "time and material" estimate is, or elaborate on the "blanket depreciation" metric. Graves failed to meet her burden to comply with Rule 26.

**B. Graves' Failure to Comply with Rule 26(a)(2)(B) is Harmless**

"[C]ompliance with . . . Rule 26 is not merely aspirational." *Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 870 (11th Cir. 2019). Instead, it "is necessary to allow both sides . . . to prepare their cases adequately and to prevent surprise." *Roster v. GeoVera Specialty Ins. Co.*, No. 2:21-CV-806-JLB-KCD, 2023 WL 1824563, at *3 (M.D. Fla. Jan. 3, 2023). When a party fails to provide information required by Rule 26, as here, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c) thus empowers courts to strike an expert unless the violation is excusable. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). The party who violated Rule 26 bears the burden of establishing its noncompliance was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Starting with the former, "[f]ailure to comply with Rule 26(a) is substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). "The proponent's position must have a reasonable basis in law and fact." *Id.* "The test is satisfied if there is [a] genuine dispute concerning compliance." *Id.*

Graves does not argue her conduct was substantially justified. (*See* Doc. 70.) Nor could she. As discussed, Rule 26(a)(2)(B) clearly states what an expert report must include. There can be no genuine dispute that the documents from Graves fall well short of what is required. *See, e.g., Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 878507, at *2 (N.D. Ga. Mar. 8, 2016) (rejecting estimates submitted as an expert report because they did not "meet even the basic requirements of Rule 26"); *see also Touch of Class II v. Scottsdale Ins. Co.*, No. 2:18-CV-419-FTM-99-MRM, 2019 WL 5085310, at *2 (M.D. Fla. May 28, 2019).

Thus, the Court turns to the second escape hatch—harmlessness. (*See* Doc. 70 at 4.) Courts have "broad discretion" in this area. *Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 616CV2001ORL31GJK, 2018 WL 3059995, at *6 (M.D. Fla. May 31, 2018). In considering whether a Rule 26(a)(2) violation is harmless, five factors are typically assessed: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-CV-86-SPC-NPM, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023).

Weighing these factors, the Court finds the Rule 26 violation here harmless. Great Lakes seeks to exclude the expert. But exclusion is not required even if Graves' actions are presumed harmful. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603 (11th Cir. 2019) (J. Carnes, concurring). "Rule 37(c)(1) continues to give the Court discretion to award alternative sanctions." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 695 (S.D. Ga. 2019).[2] Exclusion is considered a drastic remedy since it can dictate the outcome and preclude a decision on the merits. *See, e.g., Rodriguez v. Walmart*

---

[2] Great Lakes does not seek alternative sanctions, and with no such request, the Court doesn't consider any. *See* Fed. R. Civ. P. 37(c)(1).

*Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087 (M.D. Fla. Oct. 12, 2021). Walls' testimony and repair estimates are seemingly critical. Without him, Graves' case may end. *See Lowery v. Sanofi-Aventis LLC*, 535 F. Supp. 3d 1157, 1172 (N.D. Ala. 2021). Discovery is also ongoing, closing at the beginning of August. With time left, Graves can cure the deficiency. That is the better option considering the importance of the evidence. Graves' conduct, at least at this point, does not warrant excluding testimony that may prove essential to her case when any prejudice can still be cured. *See Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 696 (S.D. Ga. 2019) (finding "exclusion [was] too drastic a sanction" where "[r]eopening discovery best fit[ ] the substantive harm").

If Great Lakes needs additional time beyond the current discovery deadline to depose Walls or amend its own expert disclosures, it may move for an extension. But on balance, the Court is convinced that Graves should be allowed to belatedly amend Walls' expert disclosure.

Accordingly, it is **ORDERED**:

1. Defendant Great Lakes Insurance SE's Motion to Strike Expert Report and Exclude Opinions and Testimony of Justin Walls (Doc. 69) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff must update her disclosure for expert Justin Walls in full compliance with Rule 26 by **July 9, 2024**.

**ENTERED** in Fort Myers, Florida on June 28, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record